[No. 17955.  Department One.  August 28, 1923.]

D. B. WOODRUFF *et al., Appellants,* v. F. S. STAHL,
*Respondent.*[1]

ACTIONS (29)—CHATTEL MORTGAGES (61)—PREMATURE COMMENCE-
MENT—BELIEF IN INSECURITY OF DEBT.  Under a chattel mortgage au-
thorizing a foreclosure prior to the maturity of the debt in case
of removal of the property or if the mortgagees shall for any cause
deem themselves insecure, the proof must show that the mort-
gagees had good reason to believe that the property was to be re-
moved, and proof of insolvency is not sufficient where the terms of
the mortgage were not being violated.

Appeal from a judgment of the superior court for
Walla Walla county, Mills, J., entered December 26,
1922, dismissing an action to foreclose a chattel mort-
gage, tried to the court.  Affirmed.

*Herbert C. Bryson* and *John C. Hurspool,* for ap-
pellants.

*W. G. Coleman,* for respondent.

BRIDGES, J.—On May 28, 1923, the defendant gave
to the plaintiffs his written promissory note for $575,
payable November 1, 1923.  It was secured by a mort-
gage covering some live stock and a small amount of
farming equipment.  That instrument provided,

"that if the said property or any part thereof be re-
moved from Walla Walla county or in any way inter-
fered with or molested or if the said mortgagees shall
from any cause deem themselves insecure then in
either event the said indebtedness shall immediately
become due and collectible;"

and that the mortgagees might take possession of the
property and foreclose the mortgage even though the
debt be not due.  Before the mortgage indebtedness
became due according to the terms of the note, the

[1]Reported in 217 Pac. 1013.

plaintiffs instituted this action, which was for the purpose of obtaining a judgment on the note and the foreclosure of the mortgage. The complaint alleged that the defendant was,

"seeking to remove the property mortgaged from the premises upon which the same was to be kept and retained and the plaintiffs are informed and verily believe that the defendant is insolvent and without property save and except the mortgaged property with which to pay the indebtedness above referred to, and by reason thereof deem themselves insecure and elect to exercise the option given and granted to them in said mortgage, as above quoted and referred to, and to declare said debt and all thereof due at this time."

After the filing and service of this complaint, the plaintiffs, in some manner undisclosed by the record, obtained possession of the mortgaged property. The answer denied the material allegations of the complaint, and the reply alleged that it was the intention of the defendants to remove the mortgaged property from the state, and also that they were not taking due care of the property and plaintiff's security was impaired on account thereof. The trial court denied the foreclosure and ordered the property returned to the defendant. The plaintiffs appeal.

It will be observed that the only reasons alleged in the complaint for taking possession of the property and undertaking to foreclose the mortgage before the maturity of the debt were that the property was about to be removed from the place where it was then located, and that the respondent was insolvent, and because of these things appellants considered themselves insecure. These allegations were insufficient, but there were charges in the reply to the effect that the property was about to be removed from the state and that, in any event, it was not being properly taken care of

by the respondent. For the purposes of our discussion, we will treat the matter as though these allegations had been made in the complaint.

We have read all of the testimony, and agree with the trial court that it fails to show any sufficient ground for commencing this suit before the maturity of the debt or for taking possession of the mortgaged property. It is true, the appellants testified that respondent had told them that he was going to remove the property from the state in violation of the terms of the mortgage, but this the respondent denied, and additional facts and circumstances so strongly support his denial that we think the trial court was right in holding that there was no intention to remove the property. It is not sufficient that the appellants should have believed that the property was going to be removed; they must have shown that they had good reason to believe that such would be done. In this they have failed.

The testimony concerning the care or lack of care taken of the property by the respondent is greatly in conflict, but the trial court having seen the witnesses, we are not at all disposed to interfere with his conclusion that the respondent was not violating the mortgage in this regard. It is probably true that the respondent was insolvent, but that fact is insufficient to authorize the appellant to take possession of the property and foreclose the mortgage before maturity. The testimony fails to show the respondent was in a worse financial condition at the time this action was begun than he was at the time the mortgage was given, or that anything had transpired after the making of the mortgage which lessened the appellants' security. Proof of this character was necessary in order to support the action. *Skookum Lumber Co. v. Sacajawea*

*Lumber & Shingle Co.,* 107 Wash. 356, 181 Pac. 914;
*Fitch v. Goetjen,* 83 Wash. 355, 145 Pac. 447; 11 C. J.
555.

The judgment is affirmed.

MAIN, C. J., HOLCOMB, MITCHELL, and MACKINTOSH,
JJ., concur.